**David G. Hosenpud**, OSB No. 832414
hosenpudd@lanepowell.com
**Laura L. Richardson**, OSB No. 155655
richardsonll@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100

Attorneys for Defendant ABM Onsite Services - West, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH BRINKMANN**, both on behalf of himself individually and, in addition, on behalf of the other similarly situated employees,<br><br>               Plaintiff,<br><br>    v.<br><br>**ABM ONSITE SERVICES - WEST, INC.**, a Delaware corporation,<br><br>               Defendant. | Case No. 3:17-cv-00478<br><br>NOTICE OF REMOVAL<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446<br><br>Multnomah County Circuit Court Case No. 17CV06683 |

TO:    United States District Court for the District of Oregon, Portland Division; Clerk of the Multnomah County Circuit Court; and Jon M. Egan, Attorney for Plaintiff

       PLEASE TAKE NOTICE that defendant ABM Onsite Services – West, Inc., a Delaware corporation hereby effects the removal of this action from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon, Portland Division.

       Removal is based on 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441(b), and 1446 on the following grounds:

PAGE 1 -  NOTICE OF REMOVAL

## STATUS OF THE PLEADINGS

1.    On February 16, 2017, plaintiff filed an original complaint in the Circuit Court of the State of Oregon for the County of Multnomah entitled *Joseph Brinkmann, both on behalf of himself individually and, in addition, on behalf of the other similarly situated employees v. ABM Onsite Services – West, Inc., a Delaware corporation*, Case No. 17CV06683 (the "Complaint"). The Complaint is a proposed class action.

2.    A copy of the Complaint and Summons was served on defendant on February 27, 2017.  True and correct copies of the Complaint, Summons, and Proof of Service are attached hereto, collectively, as **Exhibit 1**.

3.    Plaintiff's Complaint asserts that he and putative class employees have brought this action to recover alleged unpaid wages, penalty wages, and attorney's fees, as well as equitable relief.  (Ex. 1, Complaint ¶ 2.)

4.    Plaintiff asserts generally that defendant issued checks to plaintiff and putative class members after the regular pay day on which checks were due; that defendant allegedly improperly deducted Oregon Workers' Benefit Fund assessments from plaintiff's and putative class member's wages for vacation, sick time, and holiday pay hours; and that defendant failed to pay plaintiff and the putative class members all earned and unpaid wages timely upon termination of their employment.  (Ex. 1, Complaint ¶¶ 5-7.)

5.    Plaintiff asserts five claims for relief:  (1) violation of Oregon state minimum wage laws; (2) violation of Oregon state overtime laws; (3) failure to pay all wages upon termination; (4) violation of Oregon state laws relating to wrongful deductions; and (5) claim for unpaid wages under Oregon state law.  Plaintiff seeks recovery of wages allegedly due and three separate 30-day statutory penalty wages provided under ORS 653.055 and ORS 652.150 as well as actual damages or the $200 minimum under ORS 652.615.  Plaintiff also seeks attorney's fees and costs associated with prosecuting such claims.  (Ex. 1, Complaint ¶¶ 15-29.)

PAGE 2 -  NOTICE OF REMOVAL

## PROCEDURAL REQUIREMENTS

6.      Venue.  This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, it is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

7.      Removal is Timely.  Plaintiff served defendant on February 27, 2017, through its statutory agent, CT Corporation System.  This Notice of Removal is timely in that it is being filed within 30 days of defendant's receipt of the plaintiff's Summons and Complaint.

8.      Notice.  Concurrently with the filing of this Notice of Removal, defendant is giving notice of removal to plaintiff and filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the State of Oregon for the County of Multnomah pursuant to 28 U.S.C. § 1446(d).

9.      Pleadings and Process.  Attached as **Exhibits 1 and 2** are copies of all process, pleadings, and orders received by ABM in the state court action.  *See* 28 U.S.C. § 1446(a).

## JURISDICTION PURSUANT TO
## CLASS ACTION FAIRNESS ACT IS SATISFIED

10.     Congress passed the Class Action Fairness Act ("CAFA") "primarily to curb perceived abuse of the class action device * * *."  *United Steel Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010).  "To achieve its purpose, CAFA provides expanded original diversity jurisdiction * * *."  *Id.*  Under CAFA, there is no presumption against removal jurisdiction.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* — U.S. — , 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

PAGE 3 -  NOTICE OF REMOVAL

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

11.     Pursuant to Section 4 of the CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
>      (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

12.     This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this case may be removed by defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein:  (1) the proposed class contains at least 100 members; (2) defendant is not the state, state official, or governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and defendant.  28 U.S.C. § 1332.

13.     <u>This is a Covered Class Action</u>.  This action satisfies CAFA's class action requirement.  It is "filed under Rule 23 of the Federal Rules of Civil Procedure or *similar State statute* * * * authorizing an action to be brought by one or more representative persons as a class action.  28 U.S.C. § 1332(d)(1)(B) (emphasis added).  Specifically, this action is brought under Rule 32 of the Oregon Rules of Civil Procedure (Ex. 1, Complaint ¶ 13), which is a direct analog to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings his action "on behalf of himself individually and, in addition, on behalf of the other similarly situated employees" (Ex. 1, Complaint ¶ 1); alleges that he will adequately represent the putative class (Ex. 1, Complaint ¶ 12); and defines the class as "all current and former ABM employees who received a paycheck for work performed in Oregon on or after February 16, 2011."  (Ex. 1, Complaint ¶ 8.)

14.     <u>Minimal Diversity is Satisfied</u>.  CAFA's diversity requirement is satisfied so long as any member of a putative class is a citizen of a state different from any defendant.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, — U.S. —, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014).  Here, the named plaintiff is a citizen of the state of Oregon (Declaration of Nedy Warren

PAGE 4 -  NOTICE OF REMOVAL

("Warren Decl.") ¶ 9), and defendant is a corporation that was organized under the laws of the state of Delaware (Ex. 1, Complaint ¶ 1) with its principal place of business in Texas and is, therefore, a citizen of both Delaware and Texas.  28 U.S.C. § 1332(c), (Warren Decl. ¶ 6.)  *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."

15.    Effective January 1, 2017, ABM Onsite – West was merged out of existence, and its employees were contributed to other ABM affiliated entities.  Since January 1, 2017, the non-exempt employees previously employed by ABM Onsite – West in Oregon have been employed by ABM Industry Groups, LLC.  ABM Industry Groups, LLC is a Delaware company with its principal place of business in Texas, and is also of diverse citizenship from plaintiff.  (Warren Decl., ¶¶ 7-8.)

16    <u>Proposed Class Exceeds 100 Members</u>.  The Complaint defines the putative class as "[A]ll current and former ABM employees who received a paycheck for work performed in Oregon on or after February 16, 2011."  (Ex. 1, Complaint ¶ 8.)  The number of employees who worked for defendant in the three years preceding the filing of the Complaint are approximately 1,770.  (Warren Decl., ¶ 10.)

17    <u>Amount in Controversy</u>.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Without conceding that defendant is liable to plaintiff or putative class members in any amount, in light of the claims alleged in the Complaint, and notwithstanding the understatement of alleged damages therein, CAFA's amount in controversy requirement is satisfied because the aggregate potential damages of the putative class members exceed $5,000,000.  28 U.S.C. § 1332(d)(2), (6).  *See also Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197-1198 (9th Cir. 2015)

PAGE 5 -  NOTICE OF REMOVAL

a.    Plaintiff seeks to recover on behalf of himself and the class for alleged minimum wage violations, overtime violations, unpaid wages upon termination, and wrongful deductions under Oregon law.  Plaintiff also seeks penalty wages under ORS 652.150 and ORS 653.055 for three of those alleged wage and hour violations.  The statute of limitations for penalty wages under ORS 652.150 and ORS 653.055 is three years.  *See* ORS 12.100(2).  The average hourly wage earned by the 1,770 individuals who worked during the three years preceding the filing of this lawsuit was $13.44.  (Warren Decl. ¶ 10.)  If plaintiff establishes liability, a penalty wage in connection with his first or second claim for relief alone creates an amount in controversy in excess of $5,000,000 (1,770 x $13.44/hour = $23,788 x 30 day penalty (240 hours) = $5,709,120).

b.    The penalty wage pleaded in connection with plaintiff's third claim for alleged unpaid wages upon termination is also significant.  The number of employees terminated during the three years preceding the filing of the Complaint was approximately 1,060.  (Warren Decl. ¶ 11.)  If plaintiff establishes his claim for unpaid wages upon termination, the penalty wage amounts to $3,419,040 (1,060 x $13.44/hour = $14,246 x 30 day penalty (240 hours) = $3,419,040.

c.    Other relief.  Plaintiff seeks attorney's fees (Ex. 1, Complaint ¶ 2) as well as injunctive and equitable relief.  (Ex. 1, Complaint ¶ 14(b).)  Such other relief increases the amount in controversy.  *See Perez v. Del Monte Fresh Produce, N.A., Inc.*, No. 3:10-cv-00675-AC, 2011 WL 3664306 at *6 (D. Or. Aug. 19, 2011) wage-and-hour class action; *Andriesian v. Cosmetic Dermatology, Inc.*, No. 3:14-cv-01600-ST, 2015 WL 1638729 at *1 (D. Or. Mar. 3, 2015), report and recommendation adopted * * *; *Andriesian v. Cosmetic Dermatology, Inc.*, No. 3:14-cv-01600-ST, 2015 WL 1925944 (D. Or. Apr. 28, 2015), including attorney's fees in the amount in controversy calculation.

18    No CAFA exceptions apply.  Although defendant has no burden or obligation to rule out exceptions to CAFA jurisdiction, this case does not fall within any of the 28 U.S.C. § 1332(d) exceptions for at least the following reasons:

PAGE 6 -  NOTICE OF REMOVAL

b.      The first exception is discretionary based on the number of putative class members found in the state where the action was filed.  *See* 28 US.C. § 1332(b)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in Oregon and, as noted above, defendant in this action is not an Oregon citizen—it is a citizen of Delaware and Texas.  Thus, this exception does not apply.

c.      Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed.  However, this exception, also, only applies where all primary defendants, or at least one defendant, is a "citizen of the state in which the action was originally filed."  *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B).  Given that this action was originally filed in Oregon, and defendant is a Delaware and Texas citizen, these exceptions also do not apply.

d.      Finally, 28 U.S.C. § 1332(d)(5) present two additional exceptions for defendants who are government entities or putative classes which number less than 100 in the aggregate.  *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B).  Given that defendant is not a governmental entity and the proposed class numbers in the hundreds, these exceptions also do not apply.

## **RESERVATION OF RIGHTS**

19      Defendant reserves any and all contractual right to require arbitration of this controversy.  This Notice of Removal is filed without prejudice to the exercise of any such right.

20      Defendant further reserves any and all defenses to the claims and allegations asserted against it in the Complaint, all of which it disputes and denies.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## CONCLUSION

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Circuit Court for the State of Oregon, County of Multnomah to this Court.

DATED:  March 27, 2017

LANE POWELL PC


By  *s/David G. Hosenpud*
    David G. Hosenpud, OSB No. 832414
    Laura L. Richardson, OSB No. 155655
    Telephone: 503.778.2100

Attorneys for Defendant ABM Onsite Services - West, Inc.

PAGE 8 -  NOTICE OF REMOVAL