IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH BRINKMANN, both on behalf of himself individually and, in addition, on behalf of the other similarly situated employees,<br><br>      Plaintiff,<br><br>v.<br><br>AMB ONSITE SERVICES - WEST, INC., a Delaware corporation,<br><br>      Defendant. | 3:17-cv-00478-BR<br><br>OPINION AND ORDER |

**JON M. EGAN**
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034
(503-697-3427

      Attorney for Plaintiff

**DAVID G. HOSENPUD**
**LAURA L. RICHARDSON**
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
(503) 778-2100

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Joseph Brinkmann's Motion (#11) to Remand this matter to state court.

    For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

1 - ORDER

**PROCEDURAL BACKGROUND**

On February 16, 2017, Plaintiff, a former employee of Defendant ABM Onsite Services - West, Inc., filed a class action against Defendant in Multnomah County Circuit Court alleging state wage-and-hour claims for failure to pay minimum wages, overtime, wages due upon termination, and wages when due. Plaintiff also alleged Defendant wrongfully deducted amounts for Oregon Workers' Benefit Fund (WBF) assessments from employees' wages in violation of Oregon Revised Statutes § 652.610. On the same day Plaintiff filed a class action against Defendant in this Court (No. 3:17-cv-00275-BR) alleging federal wage-and-hour claims similar to those alleged in the state-court complaint.

On March 27, 2017, Defendant timely removed the state court case to this Court (No. 3:17-cv-00478-SB) pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). The case was initially assigned to another judicial officer in this Court.

On April 21, 2017, Defendant filed Motions to Consolidate the two federal court cases, and those Motions are currently pending in each case.

On April 24, 2017, this case was reassigned to this judicial officer.

On April 24, 2017, Plaintiff filed a Motion (#11) to Remand this case to state court.

**STANDARDS**

A motion to remand is the proper procedure for challenging

removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides: "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements have been met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

**DISCUSSION**

Plaintiff contends this case should be remanded on the grounds that (1) this Court lacks jurisdiction over this matter pursuant to the Tax Injunction Act (TIA), 18 U.S.C. § 1341; (2) the federal-state court comity doctrine permits this Court to decline jurisdiction as the case involves a matter of state taxation; (3) Defendant has not alleged sufficient damages to satisfy the jurisdictional requirements of CAFA; and (4) Defendant has not alleged diversity of citizenship sufficient to satisfy CAFA jurisdiction.

**I.  Tax Injunction Act (TIA) Jurisdiction**

Plaintiff contends the TIA deprives this Court of jurisdiction because Plaintiff seeks declaratory and injunctive relief as well as damages based on the over-deduction of the WBF assessment from his and other class members' paychecks.

Defendant contends the TIA does not apply on the grounds that Plaintiff lacks standing under the TIA to seek injunctive relief, and the basis for limited injunctive relief that Plaintiff seeks does not constitute a violation under the TIA.

**A.  TIA**

The TIA provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under Sate law where a plain, speedy and efficient remedy may be had in the court of such State.

28 U.S.C. § 1341.  By its terms the TIA applies to actions that seek injunctive relief from state taxation.  Courts have also

held the TIA applies to actions seeking declaratory relief (*California v. Grace Brethren Church*, 457 U.S. 393 (1982)), tax refunds (*Rosewell v. LaSalle Nat. Bank*, 450 U.S. 403 (1981)), or damages (*Marvin F. Poer and Co. v. Counties of Alameda*, 725 F.2d 1234 (9th Cir. 1984)). *See also Frederickson v. Starbucks Corp.*, 840 F.3d 1119 (2016)("The district court therefore lacks jurisdiction to issue declaratory and injunctive relief with respect to Starbuck's withholding of state or federal taxes.").

The Supreme Court has clarified that Congress enacted the TIA to bar federal jurisdiction only as to cases "in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). In *Hibbs* Arizona taxpayers filed a lawsuit in federal court under the Establishment Clause seeking to enjoin enforcement of a state law authorizing an income-tax credit for payments to nonprofit "school tuition organizations" that awarded religion-based scholarships to students in private schools. The defendant, the state director of revenue, moved to dismiss the action on the ground that the TIA barred the lawsuit. The district court granted the defendant's motion to dismiss. The Ninth Circuit reversed and held the TIA does not bar federal-court actions challenging state tax credits. The Supreme Court affirmed the circuit court and noted the plaintiffs sought only prospective injunctive relief to enjoin allowance of the tax credit. The Supreme Court analyzed the history and meaning of the TIA and concluded the TIA was intended to prevent taxpayers who sought to

avoid paying their state tax bill (or to gain a refund of taxes) from pursuing a challenge other than the one specified by the taxing authority rather than to prevent federal-court interference with all aspects of state tax administration. *Id.* at 105.

In *Direct Marketing Ass'n v. Brohl* the Supreme Court considered the application of the TIA in an action by a retailers association challenging a Colorado statute that required notice and reporting when the retailers did not collect taxes on sales to Colorado purchasers. The district court enjoined enforcement of the statute on the ground that it violated the Commerce Clause. The Tenth Circuit reversed and remanded the case with instructions to dismiss on the ground that the district court lacked jurisdiction under the TIA. The Supreme Court reversed and held enforcement of the Colorado statutory notice and reporting requirements was not an "assessment, levy, or collection" within the meaning of the TIA and an injunction against enforcement would not "restrain" assessment, levy, or collection of taxes under the TIA. 135 S. Ct. 1124, 1131-32 (2014). The Supreme Court noted:

> Applying the correct definition, a suit cannot be understood to "restrain" the "assessment, levy or collection" of a state tax if it merely inhibits those activities.

*Id.* at 1133.

B. **Analysis**

Plaintiff relies on *Frederickson v. Starbucks* to support his argument that the TIA precludes this Court from

6 - ORDER

exercising jurisdiction. In that case the plaintiffs, employees of Starbucks, filed a class action in state court to enjoin the defendant from withholding state and federal taxes from employees' cash tips. 840 F.3d at 1120. The defendant removed the case to federal court and filed a motion to dismiss. The plaintiffs opposed the motion to dismiss and filed a motion to remand. The district court denied the plaintiffs' motion to remand and dismissed the case with prejudice. The Ninth Circuit reversed and held the district court lacked jurisdiction to issue declaratory and injunctive relief regarding the defendant's withholding of state or federal taxes pursuant to the TIA. The court noted an employer's withholding of taxes constitutes a method of tax collection, and an order enjoining that withholding stops collection of the tax. *Id.* at 1122 (citing *Direct Marketing*, 135 S. Ct. at 1132-33). *Frederickson*, however, is distinguishable from this case.

Here Plaintiff seeks injunctive relief to "enjoin [Defendant] from committing similar violations [of wage and hour laws] in the future." Compl. (#1) at 9. In addition, Plaintiff does not seek to avoid paying taxes or to enjoin Defendant from collecting taxes. Plaintiff only seeks to prevent Defendant from over-deducting the WBF assessment "in the future" and to obtain statutory damages for Defendant's deduction of the incorrect amount in violation of Oregon law. Thus, Plaintiff does not seek to "restrain" the "assessment, levy, or collection" of taxes.

Accordingly, the Court concludes the TIA does not

exercising jurisdiction. In that case the plaintiffs, employees of Starbucks, filed a class action in state court to enjoin the defendant from withholding state and federal taxes from employees' cash tips. 840 F.3d at 1120. The defendant removed the case to federal court and filed a motion to dismiss. The plaintiffs opposed the motion to dismiss and filed a motion to remand. The district court denied the plaintiffs' motion to remand and dismissed the case with prejudice. The Ninth Circuit reversed and held the district court lacked jurisdiction to issue declaratory and injunctive relief regarding the defendant's withholding of state or federal taxes pursuant to the TIA. The court noted an employer's withholding of taxes constitutes a method of tax collection, and an order enjoining that withholding stops collection of the tax. *Id.* at 1122 (citing *Direct Marketing*, 135 S. Ct. at 1132-33). *Frederickson*, however, is distinguishable from this case.

Here Plaintiff seeks injunctive relief to "enjoin [Defendant] from committing similar violations [of wage and hour laws] in the future." Compl. (#1) at 9. In addition, Plaintiff does not seek to avoid paying taxes or to enjoin Defendant from collecting taxes. Plaintiff only seeks to prevent Defendant from over-deducting the WBF assessment "in the future" and to obtain statutory damages for Defendant's deduction of the incorrect amount in violation of Oregon law. Thus, Plaintiff does not seek to "restrain" the "assessment, levy, or collection" of taxes.

Accordingly, the Court concludes the TIA does not

deprive this Court of jurisdiction, and this Court is not required to remand this matter.[1]

## II. Federal-State Court Comity Doctrine

Plaintiff contends principles of federal-state court comity deprive this Court of jurisdiction, and the Court, therefore, should remand this matter to state court.

Defendant contends the comity doctrine does not require this Court to remand this case because the remedy Plaintiff seeks does not disrupt or inhibit the collection of taxes.

### A. **Comity Doctrine**

Unlike the TIA, the comity doctrine is not jurisdictional. *Directing Marketing*, 135 S. Ct. at 1134. The comity doctrine encourages lower federal courts to "resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). Under this doctrine, federal courts refrain from "interfer[ing] . . . with the fiscal operations of the state governments . . . in all cases where the Federal rights of the persons could otherwise be preserved unimpaired." *Id.*

### B. **Analysis**

Plaintiff again relies on *Frederickson* to support his position.

In *Frederickson* the Ninth Circuit stated:

---

[1] Because the Court has determined the TIA does not divest this Court of jurisdiction, the Court need not address the issue of Plaintiff's standing under that statute.

8 – ORDER

> In cases involving state taxes, the comity doctrine establishes an even "[m]ore embracive" prudential rule that federal courts should refrain from hearing "claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010).

840 F.3d at 1124. The Ninth Circuit concluded the award of statutory damages sought by the plaintiffs "would have the same disruptive effect as entry of a declaratory judgment or issuance of an injunction, thereby undermining the state-revenue-protective objectives of the Tax Injunction Act." *Id.*

> To award statutory damages, the district would first have to declare that Oregon law prohibits Starbucks' practice of withholding state taxes on the basis of imputed tip income, and Starbucks would of course cease doing so in order to avoid future liability. The impermissible end result, as with declaratory or injunctive relief, would be to stop the flow of tax revenue into Oregon's coffers.

*Id.* (citations omitted).

Unlike *Frederickson,* a determination in this case that Defendant incorrectly deducted the WBF assessment from employee's paychecks would not "stop the flow of tax revenue into Oregon's coffers"; *i.e.,* Defendant would still continue to deduct the WBF assessment, but it would do so at the correct rate or in the correct amount. The injunctive relief that Plaintiff seeks merely precludes the state from receiving monies it was not entitled to receive in the first place.

On this record the Court concludes a determination that Defendant violated Oregon law and an award of statutory damages to Plaintiff would not interfere with the state's fiscal operations. Accordingly, the doctrine of comity does not

9 - ORDER

preclude this Court from exercising jurisdiction in this matter.

**III. CAFA Jurisdiction Damages**

Plaintiff contends Defendant has not alleged sufficient damages to meet the jurisdictional requirements of CAFA.

In response, Defendant contends it has established by a preponderance of evidence that the amount in controversy exceeds $5,000,000, and, therefore, satisfies the jurisdictional requirements of CAFA.

**A. <u>CAFA</u>**

CAFA gives federal courts original jurisdiction over class-action lawsuits in which the class contains more than 100 members, any class member is a citizen of a state different from any defendant, and the aggregated amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), and (d)(6).

The removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). *See also Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). When, however, the plaintiffs contest the amount in controversy, "[e]vidence establishing the amount is required" and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 554.

When determining the amount in controversy, courts first look to the complaint. Generally "the sum claimed by the

plaintiff controls if the claim is apparently made in good faith." *Ibarra*, 775 F.3d at 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Whether damages are unstated in a complaint or understated in the defendant's view, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5,000,000 when federal jurisdiction is challenged. *Rodriguez v. AT&T Mobility Svcs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). This rule governs even if the plaintiff affirmatively contends in the complaint that damages do not exceed $5,000,000. *Id.* The parties may submit evidence outside of the complaint, including affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997). Under this system a defendant cannot establish removal jurisdiction by mere speculation and conjecture based on unreasonable assumptions. *Ibarra,* 775 F.3d at 1197.

    **B.**   **Analysis**

In his state-court complaint Plaintiff alleged in the caption that his damages are estimated to be $999,999.99.

Defendant alleged in the Notice of Removal that the amount in controversy exceeds $5,000,000 and submitted the Declaration (#2) and Supplemental Declaration (#17) of Nedy Warren, the Vice President of Human Resources at ABM Industries Incorporated (ABM), to support that allegation. Defendant was an

indirect, wholly-owned subsidiary of ABM.[2]  Based on the business records for ABM and Defendant, Warren states the following in her Declaration:  (1) From February 16, 2015 (two years preceding the filing of Plaintiff's state-court complaint) through December 31, 2016, Defendant employed approximately 928 nonexempt hourly employees, and the average hourly pay rate for these employees was $13.47 per hour; (2) from February 16, 2014 (three years preceding the filing of Plaintiff's state-court complaint) through December 31, 2016, Defendant employed 1,770 nonexempt hourly employees, and the average hourly pay rate for these employees was $13.44 per hour; and (3) from February 16, 2014 (three years preceding the filing of Plaintiff's state-court complaint) through December 31, 2016, Defendant terminated approximately 1,060 nonexempt employees in Oregon.  Based on this information, Defendant contends Plaintiff's potential damages could be as follows:  (1) the statutory penalty for Plaintiff's First Claim for minimum-wage violations could amount to $5,709,120.00, (2) the penalty wage for Plaintiff's Second Claim for overtime violations could be $3,000,380.40, and (3) the damages for Plaintiff's Third Claim for failure to pay wages upon termination could be $3,419,136.  Thus, Defendant's total potential liability could be in excess of $12,000,000.

Plaintiff contends Defendant's evidence is speculative,

---

[2]  Defendant was merged out of existence as of January 1, 2017, and Defendant's employees were "contributed" to other ABM affiliated entities.  Warren Suppl. Decl. (#17), at 2.

12 - ORDER

and Defendant has not shown how many employees actually did not receive paychecks in a timely matter, were not paid overtime, or were not paid minimum wages. Thus, Plaintiff asserts Defendant has not established these damages by a preponderance of the evidence. Plaintiff, however, has not submitted any evidence to dispute Defendant's evidence.

On this record the Court concludes Defendant has plausibly alleged the amount in controversy exceeds the jurisdiction threshold of CAFA, and Defendant has supported that allegation by a preponderance of the evidence.

**IV. CAFA Jurisdiction Citizenship**

Finally, Plaintiff contends Defendant has failed to allege sufficiently the citizenship of the parties in order to satisfy CAFA diversity jurisdiction. As noted, diversity jurisdiction under CAFA requires any class member to be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

In its Notice of Removal Defendant alleges Plaintiff is a citizen of Oregon and Defendant is a corporation that was organized under the laws of the state of Delaware with its principal place of business in Texas.

Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the fact that on the same day that Plaintiff filed his complaint in state court, he filed a complaint in this Court (No. 3:17-cv-00275) in which he alleged he was "a resident and citizen of the State of Oregon."

Thus, on this record the Court concludes there is diversity

of citizenship sufficient to satisfy the requirements of CAFA.

In summary, the Court concludes the TIA does not divest this Court of jurisdiction over this case, the doctrine of comity does not preclude this Court from exercising jurisdiction, Defendant has plausibly alleged an amount in controversy that satisfies the requirements of CAFA, and the diversity of citizenship requirement of CAFA has been satisfied.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion (#11) to Remand.

IT IS SO ORDERED.

DATED this 30th day of June, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge